UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL R. HUBBARD, III,                    Case No. 11-11140

            Plaintiff,                    Marianne O. Battani
v.                                          United States District Judge

COMMISSIONER OF SOCIAL SECURITY,            Michael Hluchaniuk
                                            United States Magistrate Judge

            Defendant.
_____/

**REPORT AND RECOMMENDATION
CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 9, 10)**

## I.   PROCEDURAL HISTORY

### A.   Proceedings in this Court

On March 20, 2011, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1).  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Marianne O. Battani referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of supplemental security income benefits.  (Dkt. 2).  This matter is before the Court on cross-motions for summary judgment.  (Dkt. 9, 10).

### B.   Administrative Proceedings

Plaintiff filed the instant claims on April 26, 2007, alleging that he became

unable to work on July 7, 2005.  (Dkt. 5-5, Pg ID113).  The claim was initially

disapproved by the Commissioner on June11, 2007.  (Dkt. 5-4, Pg ID 80-83).

Plaintiff requested a hearing and on September 29, 2009, plaintiff appeared with

counsel before Administrative Law Judge (ALJ) Richard L. Sasena, who

considered the case *de novo*.  In a decision dated January 21, 2010, the ALJ found

that plaintiff was not disabled.  (Dkt. 5-2, Pg ID 20-43).  Plaintiff requested a

review of this decision on February 23, 2010.  (Dkt. 5-2, Pg ID 26-27).  The ALJ's

decision became the final decision of the Commissioner when, after the review of

additional exhibits[1] (Dkt. 5-2, Pg ID 22-23), the Appeals Council, on February 23,

2011 , denied plaintiff's request for review.  (Dkt. 5-2 Pg ID 19-21); *Wilson v.*

*Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

  For the reasons set forth below, the undersigned **RECOMMENDS** that

plaintiff's motion for summary judgment be **GRANTED**, that defendant's motion

for summary judgment be **DENIED**, and that the Commissioner's findings be

---

[1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review.  *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996).  Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ.  In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

**REVERSED**.

## II.     FACTUAL BACKGROUND

### A.     ALJ Findings

Plaintiff was 40 years of age at the time of the most recent administrative hearing.  (Dkt. 5-2, Pg ID 42).  Plaintiff's relevant work history included approximately 12 years as a general laborer, cook, retail worker, and a laundry worker.  (Dkt. 5-6, Pg ID 126).  In denying plaintiff's claims, defendant Commissioner considered HIV with constant diarrhea as possible bases of disability.  (Dkt. 5-6, Pg ID 125).

The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since April 26, 2007.  (Dkt. 5-2, Pg ID 34).  At step two, the ALJ found that plaintiff's HIV, history of chronic diarrhea, cognitive disorder, and major depressive disorder were "severe" within the meaning of the second sequential step.  *Id*.  At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations.  *Id.*  At step four, the ALJ found that plaintiff could not perform his previous work as a general laborer, cook, retail worker, or as a laundry worker.  (Dkt. 5-2, Pg ID 42).  At step five, the ALJ denied plaintiff benefits because plaintiff could perform a significant number of jobs available in the national economy.  *Id.*

B.    Plaintiff's Claims of Error

Plaintiff first points out some apparent inconsistencies in the ALJ's analysis. For example, the ALJ says that plaintiff has a "history of diarrhea, which was also assessed as functional bowel disease by a treating source," but then goes on to state that the "record fails to reflect positive GI diagnosis of any objective impairment to substantiate a reasonable basis for this condition."  In addition, plaintiff says the ALJ contradicted himself by stating that plaintiff failed to seek a GI medical assessment, but points out that his primary care physician indicated that he was referred to a gastroenterologist in June, 2004 and has since undergone extensive evaluations for his symptoms with no definite etiology determined. According to plaintiff, the ALJ's most significant error was ignoring the opinion of his treating physician, who stated:  "His symptoms, especially the diarrhea, have been quite disabling for him. Multiple different treatments have been prescribed without improvement in his symptoms." (Tr. 325).  Plaintiff contends that the ALJ erred by failing to give sufficiently good reasons for declining to assign controlling weight to Dr. Brown's opinion.

Plaintiff also asserts that the ALJ inappropriately relied on plaintiff's ability to play basketball with his son on one occasion, predating his onset date, for three hours to discredit his testimony.  In addition, plaintiff indicates that, contrary to the ALJ's conclusions, his weight was not "stable" throughout the period in

question and the ALJ cited to no record evidence to support his conclusion that plaintiff's stable weight was inconsistent with plaintiff's allegations.  Plaintiff points to record evidence showing weight loss of 13 pounds in four months.  Plaintiff maintains that because the VE testified that even one unscheduled break was not allowed with unskilled work, only a single bout of diarrhea would preclude plaintiff from working.

     C.    <u>Commissioner's Motion for Summary Judgment</u>

Plaintiff argues that the ALJ should have found him to be disabled based on the vocational expert's testimony that he would be unable to perform unskilled work if he needed to take any unscheduled breaks during the work day.  However, according to the Commissioner, it is well established that an ALJ does not need to accept a vocational expert's testimony that is based on limitations that the ALJ finds to be not credible.  According to the Commissioner, the "ALJ's finding that Plaintiff's diarrhea would not cause him to need unscheduled breaks during the work day is supported by substantial evidence."  And, contrary to Plaintiff's argument, the ALJ did not reject plaintiff's subjective complaints solely on the basis that they were not substantiated by objective medical evidence.  Rather, the ALJ explained that he considered all of the evidence and found plaintiff's subjective complaints to be not fully credible based on plaintiff's own reports to Dr. Brown that his diarrhea improved considerably with treatment, plaintiff's

frequent failure to follow up with Dr. Brown's treatment recommendations, the lack of objective medical findings supporting a cause for plaintiff's complaints of diarrhea, and plaintiff's daily activities. (Tr. 22-23). In this case, as pointed out by the ALJ, on January 23, 2009, plaintiff told Dr. Brown that his diarrhea had spontaneously improved and was only occurring two to three times per day. (Tr. 22, 391). Although plaintiff points out that he had lost thirteen pounds on that date, according to the Commissioner, this weight loss was an anomaly in his medical history. With the exception of January 23, 2009, throughout the entire period that plaintiff complained to Dr. Brown of frequent diarrhea, his weight remained stable. (Tr. 22, 196, 209, 215, 217, 219, 223, 373, 392). By May of 2009, Dr. Brown reported that plaintiff had regained eight of the pounds that he had lost. (Tr. 396).

The Commissioner also points out that the ALJ relied on the seeming improvement in plaintiff's condition. On September 11, 2009, plaintiff reported that he was having normal bowel movements (although he also inconsistently reported non-specific constipation and diarrhea). (Tr. 401). The ALJ also noted that plaintiff frequently failed to follow up with Dr. Brown's recommendations to see a gastroenterologist for his complaints of diarrhea, undermining his claims concerning the severity of his condition. (Tr. 22, 204, 223, 401). *See* SSR 96-7p ("the individual's statements may be less credible if the level or frequency of

treatment is inconsistent with the level of complaints"). And, while plaintiff did undergo gastrointestinal studies, no objective medical cause was found for his complaints of diarrhea. (Tr. 213, 325, 374). Additionally, as noted by the ALJ, the record shows that in March of 2007, only one month before plaintiff's amended onset of disability date, plaintiff told Dr. Brown that he had played basketball for three hours with his son. (Tr. 22). According to the Commissioner, the ALJ reasonably concluded that an individual suffering from intractable diarrhea would be able to engage in an extended period of rigorous physical activity, such as a three hour long basketball game. Although plaintiff contests the ALJ's reliance on this activity because it occurred one month before he alleged the onset of disability, the Commissioner asserts that, under the regulations the ALJ is required to develop a claimant's complete medical history for at least the twelve months preceding the month in which he files his application for SSI. *See* 20 C.F.R. § 416.912(d). The record shows that plaintiff was complaining of diarrhea as early as September of 2004, showing that his diarrhea was not significantly interfering with his activities of daily living or preventing him from engaging in vigorous recreational activities. (Tr. 196, 202, 208, 213, 217, 219). Accordingly, the Commissioner asserts, because the evidence showed that plaintiff's diarrhea was occurring no more than two or three times per day by January of 2009, all of plaintiff's gastrointestinal studies were negative, plaintiff frequently failed to

follow up with Dr. Brown's treatment recommendations, and plaintiff's diarrhea did not significantly interfere with his daily activities, substantial evidence supports the ALJ's finding that plaintiff's claims of disabling diarrhea were not fully credible.

The Commissioner also argues that substantial evidence supports the ALJ's rejection of Dr. Brown's March 13, 2008 opinion that plaintiff was suffering from disabling gastrointestinal problems, particularly diarrhea. (Tr. 21, 325). The Commissioner first points out that the issue of disability is a legal, not a medical issue. Furthermore, Dr. Brown's opinion of disability was not entitled to much weight because it was inconsistent with her own treatment notes showing that plaintiff's gastrointestinal symptoms greatly improved over the course of 2008 and 2009. As noted by the ALJ, on March 21, 2008, Dr. Brown reported that plaintiff's diarrhea had decreased from eleven to six stools per day with the starting of Lorazepam. (Tr. 373). By January of 2009, plaintiff reported that his diarrhea had spontaneously improved to only two to three soft stools per day. (Tr. 391), and by September of 2009, plaintiff reported that he was having normal bowel movements. (Tr. 401). This evidence, according to the Commissioner, undermined Dr. Brown's opinion of disability and supported the ALJ's finding that plaintiff's diarrhea did not cause any disabling functional limitations.

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v.*

*McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v.*

*Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475.  "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only.  *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).  When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight.  *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).  There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record.  *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly

addressing in his written decision every piece of evidence submitted by a party.")
(internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*,
198 Fed.Appx. 521, 526 (6th Cir. 2006).

      B.    <u>Governing Law</u>

      The "[c]laimant bears the burden of proving his entitlement to benefits."
*Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994);
*accord, Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003).
There are several benefits programs under the Act, including the Disability
Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq*.) and the
Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et
seq*.).  Title II benefits are available to qualifying wage earners who become
disabled prior to the expiration of their insured status; Title XVI benefits are
available to poverty stricken adults and children who become disabled.  F. Bloch,
Federal Disability Law and Practice § 1.1 (1984).  While the two programs have
different eligibility requirements, "DIB and SSI are available only for those who
have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).
"Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also*, 20 C.F.R.

§ 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two:  If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three:  If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing 20

C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner

makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

C.   Analysis

While the ALJ's credibility determination is entitled to considerable deference, the issue here is whether and to what extent the ALJ's RFC addressed

plaintiff's need for bathroom breaks, and whether plaintiff's need for bathroom breaks precluded him from competitive work.  The Commissioner asserts that plaintiff's chronic diarrhea improved considerably in 2008 and 2009, although the medical records are not entirely clear about the frequency of plaintiff's diarrhea. In January 2009, it was reported to be 2-3 times per day, but in September 2009, there was seemingly contradictory information about suffering from both constipation and diarrhea.  Notably, one suffering from functional bowel disorder, like plaintiff, commonly suffers from both constipation and diarrhea.[2]  And, throughout 2009, Dr. Brown was encouraging plaintiff to see a gastroenterologist and expressed concern about the possible need to resume his HIV medications because of his "pre-existing GI symptoms."

While the undersigned agrees with the Commissioner that the ALJ may reject limitations he does not find to be credible, the problem with the ALJ's analysis is the failure to make any finding about whether plaintiff required additional unscheduled bathroom breaks beyond those that employers would "normally" permit, as the VE testified.  Contrary to the Commissioner's brief, the undersigned does not see any specific finding in the ALJ's decision that

---

[2] *See* University of Michigan Health System, *What Are Functional Bowel Disorders?* http://www.med.umich.edu/fbd/ (website information accessed on February 24, 2012).

"Plaintiff's diarrhea would not cause him to need unscheduled breaks during the work day." At best, the ALJ concluded that plaintiff's statements about the severity of his diarrhea were not fully credible. And although the ALJ relies on the vocational expert's testimony in other respects, the "ALJ makes no reference to the expert's conclusion about the impact of frequent bathroom breaks on claimant's employability." *McNelis v. Comm'r*, 2009 WL 3210713, *6 (E.D. Mich. 2009). Further, other courts have concluded that where a social security claimant has an impairment that requires "ready access to bathroom" and the freedom to use it "as needed," an ALJ should "make a specific finding concerning the frequency and duration of [the claimaint's] bathroom usage as part of the RFC. *Green v. Astrue*, 2010 WL 2901765 (E.D. Tenn. 2010), quoting *Bruegggen v. Comm'r of Soc. Sec.*, 2006 WL 5999614 (W.D. Wis.2006). In *Brueggen*, the Court agreed with the claimant that the ALJ's finding that she was not entirely credible simply did not address the VE's testimony that too many unscheduled breaks would preclude competitive employment:

> Plaintiff makes a valid point when she argues that the ALJ could not just jump from her conclusion that plaintiff's complaints were not entirely credible to her finding that plaintiff could return to her past relevant work without explaining how she reconciled plaintiff's need to use the bathroom at will with the VE's testimony concerning the degree to which such bathroom use is generally tolerated by employers. The only evidence the ALJ cited was Dr. Steiner's testimony, but as plaintiff

> points out, Dr. Steiner never offered an opinion
> regarding how often plaintiff would need to use the
> bathroom or whether that use would preclude
> competitive employment.

*Id*. at *7.  In this case, while the ALJ found that plaintiff's claims were not fully credible, he also found that plaintiff's chronic diarrhea was a severe impairment. But, the ALJ did not make any findings regarding whether and to what extent plaintiff required unscheduled bathroom breaks.  Thus, there is simply no way for the Court to analyze, on this record, whether the ALJ determined that plaintiff needed no unscheduled bathroom breaks or something else entirely.  In the view of the undersigned, this issue should be remanded to the ALJ to determine the number of unscheduled bathroom breaks that plaintiff needs, if any, and whether, in light of those findings, plaintiff is able to work.

In the view of the undersigned, Dr. Brown's opinion, as offered was quite non-specific about what functional limitations and restrictions plaintiff might have as a result of his diarrhea.  Thus, while the undersigned does not find any specific error in the ALJ's analysis in this regard, on remand, the plaintiff should submit a specific medical opinion on any functional restrictions or limitations caused by his chronic diarrhea, including the need for, and frequency of, any unscheduled bathroom breaks during a typical eight-hour work day.

Finally, the undersigned is concerned about one other aspect of the ALJ's

credibility assessment. While plaintiff was diagnosed with "functional bowel disorder" and treated for such over a number of years, as plaintiff points out, some parts of the ALJ's opinion seemed to suggest that plaintiff did not have any medically determinable impairment or that there was no clinical evidence to support this diagnosis. *See e.g.*, Dkt. 5-2, Pg ID 39 ("Further, GI testing revealed no positive objective medical findings to support plaintiff's allegations."). Diagnosis of functional bowel disorder is, apparently, based on reported symptoms and patient history, along with ruling out other causes for the symptoms.[3] Further, there appears to be no record evidence contradicting this diagnosis and it is not entirely clear whether and to what extent this issue affected the ALJ's credibility determination. On remand, the undersigned suggests further clarification of the ALJ's analysis in this regard.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, that defendant's motion

---

[3] *See e.g.*, *Efficient Diagnosis of Suspected Functional Bowel Disorders*, http://www.nature.com/nrgastro/journal/v5/n9/full/ncpgasthep1203.html, accessed on February 24, 2012: "A patient's clinical history forms the basis for diagnosing an FBD, and it is therefore of vital importance to allow the patient to tell their history in their own words. On the basis of the patient's clinical history, symptom-based criteria can be used, and for most patients with a typical history suggestive of an FBD few clinical investigations are subsequently needed."

Report and Recommendation
Cross-Motions for Summary Judgment
*Hubbard v. Comm'r*; Case No. 11-11140

for summary judgment be **DENIED**, and that the Commissioner's findings be **REVERSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection

Report and Recommendation
Cross-Motions for Summary Judgment
*Hubbard v. Comm'r*; Case No. 11-11140

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: February 27, 2012                    s/Michael Hluchaniuk
                                           Michael Hluchaniuk
                                           United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on February 27, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Norton J. Cohen, Andrew J. Lievense, AUSA, and the Commissioner of Social Security.

                                           s/Darlene Chubb
                                           Judicial Assistant
                                           (810) 341-7850
                                           darlene_chubb@mied.uscourts.gov